IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                            CRIMINAL ACTION NO. 2:14-CR-00276

MICHAEL E. BURDETTE

                Defendant.

### SENTENCING MEMORANDUM

Defendant Michael E. Burdette, by counsel, Susan M. Robinson, respectfully requests the Court to impose a below guideline sentence of probation.

**I.    Legal Objections**

The statutory maximum for a negligent violation of the Clean Water Act, 33 U.S.C. §1319 (c)(1), is one-year. Therefore, Mr. Burdette's advisory guideline sentence is 12 months. U.S.S.G. § 5G.1.1(a). Because of the applicability of the statutory cap, Mr. Burdette withdraws his objections to the six-level enhancement as set forth in PSR ¶ 145. Accordingly, Mr. Burdette has no objections to the calculation of his sentencing guidelines.

**II.    Guideline Departure**

The starting point for any departure or variance in this case is offense level 10 with a corresponding guideline range that has 12 months as its maximum. *See, e.g., United States v. Shaw*, 313 F.3d 219, 223 (4th Cir. 2002). As set forth below, Mr. Burdette submits that a departure is justified pursuant to: 1) U.S.S.G. § 5K1.1 as a result of his substantial assistance in the investigation and prosecution of others; 2) U.S.S.G. §§ 5H1.1 and 5H1.4 due to a serious health condition that substantially reduces his life expectancy; and, 3) U.S.S.G. § 2Q1.3 n.3 as the offense involves negligent, not knowing conduct. In the alternative, Mr. Burdette contends that each of the foregoing factors support a variance from the guidelines along with other Section

3553(a) factors.

### 1. Substantial Assistance

The government has advised that it intends to file a 5K motion. Mr. Burdette cooperated early and entered a guilty plea to an Information. He provided testimony and records that not only helped the government frame and secure its Indictment against the four owners/operators of Freedom, but also helped the government secure their plea agreements. His assistance was particularly valuable as he provided a first-hand account of many critical documents he authored. His daily logs, which he was accustomed to keeping throughout his career, offered important information to the government as well as establishing his credibility, his forthcoming nature and value as a witness. Counsel wishes to address the Court at sentencing on the nature and extent of Mr. Burdette's assistance.

### 2. Health Condition

Mr. Burdette suffers from                                        A sentence of imprisonment would have a detrimental impact his health and significantly, would have a harsher impact because of his reduced life expectancy. Certain medical records and a letter from Mr. Burdette's physician are attached as Exhibit A. To protect his privacy, counsel requests that she be permitted to address any questions the Court may have concerning his medical condition at the bench during sentencing.

### 3. Negligent Conduct

U.S.S.G. § 2Q1.3 establishes the same advisory guideline range for both knowing and negligent violations of certain environmental crimes. In recognition of this fact, the sentencing commission has suggested that a downward departure may be warranted in cases such as this one where the conduct was negligent, not intentional or knowing. U.S.S.G. § 2Q1.3, n.3. Mr. Burdette did not flagrantly ignore the law. He did not ignore regulatory citations or warnings by

2

the WV DEP or the EPA as none were given during his tenure at the facility. Nor did he ignore recommendations of Freedom's environmental consultant on these issues, as again, none were made. He took at position at Freedom that was ill-defined but nevertheless made him accountable, along with others, for the company's environmental compliance. He acknowledges and accepts responsibility for not learning of and enforcing the terms of the Etowah's NPDES Permit. Mr. Burdette's crime is one of negligence and merits a departure on that basis.

### III. A Variance is Warranted Based on Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the Defendant.

Within a month of his sentencing hearing, Mr. Burdette will be 62 years old. He was born and raised in West Virginia and obtained his degree in mechanical engineering from West Virginia Tech in 1977. Mr. Burdette is one of three children and provides significant emotional support for his 84 year old widowed mother, as well as being responsible for the care and upkeep of her home. Mr. Burdette has three children of his own, and two grandchildren with whom he maintains a close relationship.

During his career as an engineer, Mr. Burdette primarily found employment outside of West Virginia. He worked for a number of large companies in responsible corporate environments with clear lines of authority and accountability within many of these companies, but had no position of responsibility for environmental compliance. Mr. Burdette was a conscientious and dedicated employee and supervisor. See letters of colleagues and family members attached at Exhibit B. In 2008, after 16 years at INEOS, Mr. Burdette lost his job when its facility closed. He accepted a position at Freedom at a lower pay, primarily so he could stay in West Virginia near his family.

In 2010, Mr. Burdette became the plant manager of the Etowah Facility. He oversaw the day-to-day loading and off-loading of Freedom's products and maintenance at the facility. He worked to upgrade electrical systems and ensure routine upkeep of the facilities' equipment. Notably, Mr. Burdette actively warned the company's owners of structural issues with the containment wall and drainage affecting the dike area, and the dire consequences of an unforeseen catastrophic event. He proposed projects to address such issues, but because he could not control the purse strings of the company, he was unable to correct the problems. Importantly, this crime was not motivated by any greed on Mr. Burdette's part. He had no financial incentive, as did the owners, for keeping costs down. He is extremely remorseful for his role in the facilities' operation that led to the spill and its impact on the community, and worked tirelessly to assist in mitigating the harm and to responsibly closedown Freedom's operations in its aftermath.

> 2. **The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; and, to avoid unwarranted sentencing disparity.**

Undoubtedly this offense is a serious offense having significant environmental impact, and Mr. Burdette does not suggest otherwise. Yet, the offense is a non-violent offense, and with the exception of this situation, Mr. Burdette has never had any difficulties with law enforcement. Probation would be would be more than adequate to deter Mr. Burdette from committing future crimes and would provide just punishment for the offense consistent with the majority of sentences imposed by other courts for violations of federal environmental crimes.[1] An

---

[1] The Sentencing Commission's published sentencing statistics show that in 2014 on a nationwide basis, approximately 67% of all convictions for environmental crimes resulted in probation only with another 7.4 % receiving probation/home confinement sentence. See relevant excerpts attached at Exhibit C. Within the Fourth Circuit, an average of 72.8% resulted in probation only or probation/home confinement sentence. *Id. See also, United States v. Holt*, No. 3:09-cr-00231 (S.D. W. Va.) (owner of railroad car-loading company given community confinement and probation for felony conviction of CWA after a

4

individualized assessment of Mr. Burdette's substantial assistance, relative culpability, and role in the offense likewise calls for a sentence of significantly less than those holding the purse strings.

### IV. Restitution and Fine

Mr. Burdette incorporates by reference his legal brief filed herein on victim-restitution issues (Dkt. 23, attached as Exhibit D) and challenges any award of restitution to the "victims" identified in the PSR. Additionally, Mr. Burdette lacks the financial ability to pay an award of restitution or a fine. He has been unemployed since June 2015 and although he continues to seek employment, because of his age, his involvement in this offense, and the current economic environment in West Virginia. As reflected in the PSR, his monthly cash flow is negative due to his lack of income, his court ordered obligation to support his ex-wife and his day-to-day living expenses. For these reasons, counsel submits that an order of restitution and/or fine should not be imposed.

### V. Conclusion

Based upon the foregoing, Mr. Burdette submits that a sentence of probation is "sufficient, but not greater than necessary" to satisfy the goals of sentencing in accordance with 18 U.S.C. § 3553(a).

Respectfully Submitted,

Michael E. Burdette,

By Counsel:

/s/ Susan M. Robinson
Susan M. Robinson (WV Bar #5169)
Thomas Combs & Spann, PLLC
P.O. Box 3824
Charleston, WV 25338-3824

---

spill of 22,000 gallons of hazardous waste causing evacuation of community, closing of schools and wastewater treatment plant).

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,

v.                                 CRIMINAL ACTION NO. 2:14-CR-00276

MICHAEL E. BURDETTE

         Defendant.

## CERTIFICATE OF SERVICE

I, Susan M. Robinson, counsel for Defendant hereby certify that on this 2nd day of February, 2016, I served a copy of the attached **REDACTED Sentencing Memorandum** and **REDACTED EXHIBIT B** by filing the same with the Court using the CM/ECF System, which will send notice of such filing to the following:

        Phillip Wright
        Assistant United States Attorney
        300 Virginia Street, East, Room 4000
        Charleston, WV  25301

        /s/ Susan M. Robinson
        Susan M. Robinson (WV Bar #5169)
        Thomas Combs & Spann, PLLC
        300 Summers Street, Suite 1380
        P.O. Box 3824
        Charleston, WV  25338-3824