RECEIVED
FEB - 8 2016
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 2:14-00276

MICHAEL E. BURDETTE

### UNITED STATES MEMORANDUM IN SUPPORT OF MOTION TO REDUCE SENTENCE PURSUANT TO USSG §5K1.1

The United States submits this memorandum in support of the motion by the United States to reduce the sentence of defendant Michael E. Burdette pursuant to United States Sentencing Guideline §5K1.1.

### Background

Burdette pled guilty in March 2015 to a violation of 33 U.S.C. §§ 1319(c)(1)(A) and 1311, the negligent discharge of a pollutant, in connection with the discharge of the chemical known as "MCHM" into the Elk River in January 2014. The chemical discharged from a storage-tank farm known as the "Etowah Facility," which was owned by Freedom Industries, Inc. ("Freedom"). Burdette worked for Freedom, as explained in the Stipulation of Facts to his plea agreement (ECF-13).

The adjusted offense level applicable to Burdette, as outlined in his presentence investigation report, is 20 (prior to consideration of acceptance of responsibility). Level 20 yields a sentencing range of 33-41 months' imprisonment, while

1



level 17 (taking into account a 3-level reduction for acceptance of responsibility) provides for a range of 24-30 months. In this case, however, the offense of conviction is a misdemeanor, with a statutory maximum of 12 months imprisonment. Therefore, and pursuant to USSG §5G1.1(a), the guideline sentence is 12 months.

## Analysis of Factors in USSG 5K1.1

The United States intends to make an oral motion at Burdette's sentencing hearing, stating that the defendant has provided substantial assistance in the prosecution of other people. The basis for the motion is as follows:

**1. Significance and Usefulness of the Assistance.**

Burdette's cooperation was very significant and useful. He provided key information about the officers and directors of Freedom -- Dennis Farrell, William Tis, and Charles Herzing -- having been informed of certain tank inspections that were performed in 2008. Burdette had prepared a summary of those inspections and sent it to them. That summary made clear that the dike wall was badly in need of repair. He provided very clear and helpful information the government had not previously fully appreciated, including that there was a constant stream of water flowing out of the culvert (where MCHM flowed when the leak occurred in January 2014), even on days when it had not been raining, and that this condition was widely known, even to the officers and directors. This constant flow of water

indicated that the other individual defendants should have known that there was a problem with containment within the diked area. Burdette also provided important information on Gary Southern's role with the company, which enabled us to bring the fraud-related felony charges against him, based on false testimony and statements in the bankruptcy case of Freedom Industries. Southern did not plead guilty to those particular charges, but they played a large role in Southern's eventual agreement to plead guilty to the environmental offenses. In sum, Burdette's cooperation was critical to the successful prosecution of Farrell, Tis, Herzing, and Southern.

### 2. Truthfulness and Completeness of Assistance.

Burdette was truthful, complete, and reliable in his cooperation. He gave a fuller explanation of the circumstances surrounding Freedom's operation of the Etowah Facility than the government had previously learned, even with Reynolds' cooperation. Burdette reported directly to the officers/directors and to Southern. The information he provided was supported by the minutes he took of staff meetings and the daily notes that he took and recorded in the "notes" section on his email, and which he provided to the government after he signed the plea agreement. His notes were very helpful and many of them would have been exhibits at trial.

### 3. Nature and Extent of Assistance.

Burdette participated in a lengthy debriefing session after signing his plea agreement and subsequently testified in the grand jury in Beckley. He also made himself available to answer questions on short notice. He provided information on a broad-range of issues affecting the Etowah Facility. He would have been a very important, perhaps the most important witness, for the government at trial.

### 4. Injury or danger or risk of injury as a result of providing assistance.

The United States is unaware of any injury, danger, or risk of injury resulting from Burdette's assistance.

### 5. Timeliness of Assistance.

Burdette was the second individual defendant to agree to plead guilty. His cooperation was critical to charging the remaining four defendants -- the three principal owners (Tis, Herzing, and Farrell) and Southern -- by indictment in December 2014, a month after Burdette testified before the grand jury.

### Conclusion

Based on the foregoing, the United States contends that defendant Michael E. Burdette provided substantial assistance to the government in the investigation and prosecution of other people. Accordingly, the United States will recommend, as part of its oral motion, that a departure from the Guideline

4

sentence, which is an even 12 months, to level 8, in Zone A of the Sentencing Table, is appropriate in this case.

                        Respectfully submitted,

                        CAROL A. CASTO
                        Acting United States Attorney

By:    s/Philip H. Wright
       PHILIP H. WRIGHT
       Assistant United States Attorney
       WV State Bar No. 7106
       300 Virginia Street East
       Room 4000
       Charleston, WV 25301
       Telephone: 304-345-2200
       Fax: 304-347-5104
       Email: philip.wright@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "UNITED STATES MEMORANDUM IN SUPPORT OF MOTION TO REDUCE SENTENCE PURSUANT TO USSG §5K1.1" has been submitted to the Court and to defense counsel indicated below, via electronic mail, this 27th day of January 2016:

> Susan M. Robinson, Esq.
> Thomas Combs & Spann PLLC
> P.O. Box 3824
> Charleston, WV 25338
> Email: Srobinson@tcspllc.com

S/ Philip H. Wright
Philip H. Wright
Assistant United States Attorney
WV Bar No. 7106
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: philip.wright@usdoj.gov